IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Tom Stafford,

    Plaintiff,

v.                 Case No. 14-2254-JWL

Flextronics International USA, Inc.,

    Defendants.

## MEMORANDUM & ORDER

  Plaintiff Tom Stafford was the President and Chief Executive Officer of Lightwild, L.C. until that company was acquired by defendant Flextronics International USA, Inc. through an asset purchase agreement signed by the parties in June 2012.  Mr. Stafford signed the asset purchase agreement on behalf of Lightwild, L.C. and the agreement required Flextronics to hire Mr. Stafford as part of the acquisition.  Toward that end, Mr. Stafford signed an offer letter accepting an at-will management position on June 19, 2012.

  In May 2014, Mr. Stafford filed a complaint in this court against Flextronics asserting a claim for wrongful discharge under Kansas law and, more specifically, alleging that Flextronics terminated him in retaliation for his alleged complaints that Flextronics did not meet its obligations under the asset purchase agreement.  In August 2014, Flextronics filed a motion to compel plaintiff's claim to arbitration pursuant to a broad arbitration provision contained in the asset purchase agreement which required arbitration of "any controversy or claim arising out of or in any way connected with this Agreement or the alleged breach thereof."  In December 2014, Judge Carlos Murguia granted the motion to compel arbitration on the grounds that the

arbitration clause in the asset purchase agreement was broad enough to include plaintiff's wrongful discharge claim.

In August 2015, Mr. Stafford initiated arbitration against Flextronics with the American Arbitration Association (AAA). Mr. Stafford asserted his wrongful discharge claim and also asserted claims of breach of contract, breach of the duty of good faith and fair dealing, and misrepresentation. According to Mr. Stafford, he filed his arbitration claims under the AAA's employment rules because he believed that his claims constituted an "employment dispute" under those rules; he paid the associated $200 filing fee. The AAA, however, determined that the dispute arose from an individually-negotiated agreement such that it would be governed by the AAA's Commercial Arbitration Rules. Those rules require a filing fee of anywhere from $4000 to $7000 depending on the amount of the claim for damages. Mr. Stafford asserts that he paid a $7000 filing fee to AAA. The Commercial Arbitration Rules also contemplate that each party bear his or her own expenses for witnesses produced by the party and that all other expenses (including travel and other expenses of the arbitrator) be borne equally by the parties. Mr. Stafford asserts that these rules will saddle him with expenses in the tens of thousands of dollars, rendering arbitration prohibitively expensive for him. He has filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) in which he asks the court to remand these proceedings back to federal court or, in the alternative, to require Flextronics to pay all costs of arbitration. As will be explained, the motion is denied.

*Applicable Standard*

Mr. Stafford seeks relief under Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6) or, to the extent the court determines that Judge Murguia's December 2014 memorandum and order is a non-dispositive order, under Local Rule 7.3(b).  Rule 60(b)(2) permits courts to grant relief from a prior judgment if the moving party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(2)).  Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief."  West v. Champion, 363 Fed. Appx. 660, 664 (10th Cir. Feb. 2, 2010) (quoting Fed. R. Civ. P. 60(b)(6)).  Although Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case," it remains subject to certain limitations.  *Id.* (quotation omitted).  Relief under Rule 60(b)(6) "is extraordinary and may only be granted in exceptional circumstances."  *Id.* (citations and quotations omitted).  A litigant also may not premise its Rule 60(b)(6) motion on one of the grounds enumerated in Rules 60(b)(1)-(5).  *Id.* Simply put, relief under Rule 60(b) is warranted only in "exceptional circumstances," and "[a] plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003) (internal quotation marks and citations omitted).

Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b).  A motion to reconsider is only appropriate where the court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new

evidence that it could not have obtained earlier through the exercise of due diligence. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. *Id*.

As will be explained, the court need not decide whether Judge Murguia's order compelling arbitration and staying the proceedings is a non-dispositive order subject to Local Rule 7.3(b) or a dispositive order subject to Rule 60. The motion fails under either rule.

*Discussion*

The premise of Mr. Stafford's motion is that he only recently discovered that his claims would be subject to the AAA's Commercial Arbitration Rules rather than the Employment Arbitration Rules and that the corresponding increase in expense to him prevents him from vindicating his rights through arbitration. The record, however, does not support Mr. Stafford's argument. In fact, the record demonstrates that Mr. Stafford could have raised the "prohibitive cost" issue at the time Flextronics moved to compel arbitration. The Asset Purchase Agreement provides that all claims arising under the agreement will be resolved by arbitration in San Francisco, California "under the rules then in effect of the American Arbitration Association." Flextronics moved to compel arbitration under this provision and Mr. Stafford does not dispute that he understood that if the court compelled arbitration, the AAA rules would apply to that arbitration. The Employment Arbitration Rules clearly indicate—and indicated at that time— that there are "two separate and distinct arbitration costs sections; one for disputes arising out of employer plans and the other for disputes arising out of individually-negotiated employment

agreements and contracts." AAA *Employment Arbitration Rules and Mediation Procedures* at 10 (Nov. 1, 2009). As explained in the those rules,

> When the arbitration is filed, the AAA makes an initial administrative determination as to whether the dispute arises from an employer plan or an individually-negotiated employment agreement or contract.
>
> ****
>
> When making its determination on the applicable costs of arbitration section in a given arbitration, the AAA's review is focused on two primary issues. The first component of the review focuses on whether the arbitration program and/or agreement between the individual employee and the employer is one in which it appears that the employer has drafted a standardized arbitration clause with its employees. The second aspect of the review focuses on the ability of the parties to negotiate the terms and conditions of the parties' agreement.

*Id.* at 10-11. For disputes arising out of individually-negotiated employment agreements and contracts, the Employment Arbitration Rules impose the same fee provisions that Mr. Stafford contends render arbitration prohibitively expensive—namely, a $7000 filing fee for claims over $1,000,000 and an equal split between the parties of all expenses of the arbitrator. *Id.* at 35-37, 41.

There can be no dispute that Mr. Stafford's claims arise out of an individually-negotiated agreement rather than an employer plan. Indeed, there is no evidence that any standardized arbitration agreement even exists in this case and the only arbitration provision relied upon by Flextronics was contained in the Asset Purchase Agreement signed by Mr. Stafford. To the extent Mr. Stafford's claims arose under his employment agreement, that agreement was quite obviously individually negotiated by Mr. Stafford and Flextronics. Mr. Stafford contends that he reasonably believed that his claims would proceed under the rules for employer-promulgated plans because he did not sign or negotiate the asset purchase agreement in his individual

5

capacity, but as the CEO of Lightwild. This contention is not reasonable. Mr. Stafford, without question, individually negotiated the terms and conditions of his employment with Flextronics, both in connection with the asset purchase agreement and the at-will employment agreement. Those agreements, together, provided for an increase in salary from his prior position and a retention bonus, plus additional bonuses, stock shares and other benefits contingent on Flextronics' and LightWild's successful achievement of certain gross-margin goals set forth in the asset purchase agreement. Thus, if Mr. Stafford had read the Employment Arbitration Rules at the time of the filing of the motion to compel, then he would have understood that the dispute arose from an individually-negotiated agreement and he would have understood that the costs and expenses were distinct from those imposed for disputes stemming from a standardized agreement. And because those costs and expenses are the same as those contemplated by the AAA's Commercial Arbitration Rules, even if the AAA's determination that the arbitration would proceed under the Commercial Arbitration Rules was a surprise to Mr. Stafford, the potential costs and expenses should not have been a surprise to him because the Employment Arbitration Rules—the rules he expected to apply to the arbitration—provide for the same costs and expenses.

With reasonable diligence, then, Mr. Stafford could have discovered the potential costs of arbitration at the time Flextronics filed its motion to compel. Mr. Stafford's failure to raise that argument in response to the motion to compel when he clearly could have done so precludes the court from considering it now and precludes a finding that the potential costs of arbitration constitutes "newly discovered" evidence for purposes of relief under Rule 60(b)(2) or Rule

6

7.3(b).[1]  For similar reasons, Mr. Stafford has not identified any "exceptional circumstances" necessary to warrant "extraordinary" relief under Rule 60(b)(6).  For what it is worth, the court notes, as highlighted by Flextronics, that the Asset Purchase Agreement, despite the fee-sharing language in the AAA's Rules, provides that the arbitrator "shall decide how all expenses relating to the arbitration shall be paid, including the respective expenses of each party, the fees of each arbitrator and the administrative fee of the American Arbitration Association."  That provision supersedes the fee-sharing provision in the Commercial Arbitration Rules, *see* AAA's *Commercial Arbitration Rules and Mediation Procedures* at 30 (October 1, 2013), and Mr. Stafford should seek the relief he requests from the arbitrator.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for relief pursuant to Rule 60 (doc. 17) is **denied.**

**IT IS SO ORDERED.**

Dated this 7th day of March, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Mr. Stafford does not dispute that any motion under Local Rule 7.3(b) is untimely, but he requests that the court in its discretion extend the time for filing that motion.  The court need not address the timeliness aspect because the motion fails on the merits.